Opinion delivered January 25, 1896.

HOMICIDE—JUSTIFICATION.—The attempt of an officer to arrest one without first informing him that he held a warrant, and of his intention to arrest him, does not justify the latter in killing the officer, where he knew that he had the warrant, and that his purpose was to arrest him.

EVIDENCE—DECLARATIONS—RES GESTAE.—Declarations of the prisoner's wife at the time of the homicide, begging him not to shoot any more, and calling upon another to interfere, are admissible, in connection with the prisoner's warning against interference with him, as throwing light upon the motives and conduct of the prisoner.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

### STATEMENT BY THE COURT.

Fisher Appleton was indicted and tried for the murder of one Louis Richardson. Richardson was a deputy constable, and had in his possession a warrant for the arrest of Appleton on a charge of grand larceny. At the time he was shot, Richardson was attempting to execute this warrant. The defendant claimed that the killing was done in self defense. He testified that Richardson, without provocation, shot at him, and that, to protect himself, he fired upon and killed Richardson. The jury returned a verdict of guilty of murder in the second degree, and assessed the punishment at twenty-one years' imprisonment in the state penitentiary.

*R. D. Campbell* and *F. T. Vaughan*, for appellant.

1. Appellant's wife was not a competent witness against him, and her declarations, though made in his presence, were not admissible. 13 Ind. 91; Rapalje on Law of Witnesses, sec. 157, p. 271; 3 Coldw. 414; 19

Cal. 275; 1 Gr. Ev. (13 ed.) 334, note *a*; 39 Ark. 221. The wife being incompetent, her declarations were inadmissible. Wharton, Cr. Ev. 294; 30 Mich, 431; 26 *id.* 113.

2. The court in its charge called the attention of the jury too prominently to the "safety of the officer." 59 Ark. 417.

3. The court erred in refusing to charge the jury that "when one is charged with having committed a crime, and a warrant is issued for his arrest, it is the duty of the officer serving the warrant to inform the party about to be arrested of his intention to arrest him." Also in refusing to charge that "an officer making the arrest shall use no unnecessary force or violence, and an arrest may be made in such a wanton and unnecessary manner as to justify the accused in resisting the arrest." This is statutory law, and there was evidence upon which they could have been based.

4. There was testimony that Richardson fired the first shot, and the following instruction should have been given: "If you believe that, at the time defendant caused the death of Richardson, he (defendant) was acting under a reasonable belief that he was in imminent danger of death or great bodily harm from deceased, and that it was necessary for him to fire the shot which caused Richardson's death, in order to avoid the death or great bodily harm, which was apparently imminent, you will find the defendant not guilty," etc. 50 Ark. 139.

5. The court erred in refusing other instructions asked by defendant.

*E. B. Kinsworthy*, Attorney General, for appellee.

1. The declarations of the wife in the presence of defendant were admissible as part of the *res gestæ*. Rice on Ev. vol. 3, pp. 126–7; 1 Gr. Ev. sec. 108; 45 Cal. 137; 30 Ala. 24.

2.   Defendant knew that deceased had come to
arrest him, and had a warrant.   In a case like this it
·was unnecessary for the officer to show his warrant.
27 Cal. 572.

3.   The court fully declared the law, and the in-
structions asked by defendant were properly refused.

4.   The law of self-defense was properly given the
jury.

*R. D. Campbell* and *F. T. Vaughan*, in reply.

3 Rice, Ev. pp. 106–7 and 1 Gr. Ev. sec. 108
merely lay down the general, abstract principles of law
governing *res gestae.*   "When a wife's communication
to her husband is overheard, and it elicits a reply from
him which is admissible in evidence, her declaration can
be proved," on the theory of shedding light on his reply.
But, except for this purpose, her declarations are of no
effect.   1 Coldw. (Tenn.), 130; 3 *id.* 414; see Whart.
Cr. Ev. 270; 60 Ark. 450; 3 Rice, Ev. 123.

As to justifi-
cation of
homicide.   RIDDICK, J., (after stating the facts.)   We do not
discover any error, either in giving or refusing instruc-
tions, that would justify us in reversing the judgment
of the circuit court.   Although Richardson attempted
to make the arrest without first informing the appellant
of the warrant and the intention to arrest him, yet this
did not justify the defendant in shooting the officer.
The testimony of the appellant himself shows that he
knew that Richardson had a warrant for him, and that
his purpose was to arrest him.   He should therefore
have submitted to the arrest.   ·Appellant testified that
he intended to do this, but that Richardson, without
attempting to arrest him, commenced at once, and with-
out provocation, to shoot at him, and that, to protect
himself, he returned the shot, and killed Richardson.   If
this testimony was true, the killing was justifiable; for
one may defend himself against the wrongful assault of·

an officer, as well as against the assault of a person who
is not an officer. But this question was fairly submitted
to the jury, and their finding was against appellant.
There was evidence amply sufficient to support the ver-
dict, and we cannot disturb it.

During the progress of the conflict, which resulted
in the death of Richardson, there were several shots
fired by the appellant, and two shots fired either by
Richardson or his assistant, Simms. A witness was
allowed to testify that, while these shots were being
fired, the wife of appellant, who was present, called to
witness "to come there, and not let Fish shoot any more;"
that she also said to appellant, "Quit! Don't shoot!"
That, thereupon appellant ordered witness "to let him
alone, and fired one more shot.". It is contended that
it was error to admit these declarations of the wife. At
the time they were uttered she was endeavoring to stop
the conflict, and to prevent further shooting. They
were uttered in the presence and hearing of the appel-
lant, had reference to him and his conduct, and were in
part addressed to him. They tended to throw light
upon his motives and conduct, and to explain his subse-
quent words when he said to this witness, to whom his
wife had appealed, "Let me alone! Don't touch me!"
That these declarations were uttered by the wife of
appellant is no valid objection to their introduction, for
they were not admitted to prove certain facts, and to
supply the place of other testimony, as dying declara-
tions are sometimes admitted, but only to explain and
throw light upon the subsequent words and conduct
of appellant. *People* v. *Murphy*, 45 Cal. 137 ; *Liles* v.
*State*, 30 Ala. 24. Our conclusion is that the evidence
was properly admitted, and that, on the whole case,
the judgment of the circuit court must be affirmed.

*When decla-
rations of
defendant's
wife part of
res gestae.*

38